IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALIBU MEDIA, LLC** | : CIVIL ACTION |
| | : |
| v. | : NO. 18-369 |
| | : |
| **JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 71.230.69.241** | : |
| | : |

## ORDER

**AND NOW**, this 31st day of January 2018, upon considering Plaintiff's Motion for leave to serve a Third Party Subpoena upon Comcast Cable before a Fed. R. Civ. P. Rule 26(f) Conference (ECF Doc. No. 3) in this copyright infringement case against presently unknown persons with known IP addresses, it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 4) is **GRANTED**:

1. Plaintiff established "good "cause" exists to serve a third party subpoena on Comcast Cable (hereinafter the "ISP"). *See UMG Recording, Inc. v. Doe,* 2008 WL 4104214, at *4 (N.D. Cal. 2008) and *Arista Records LLC v. Does 1-19,* 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

2. On or before **February 9, 2018**, Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with any data evidencing or identifying the last known name, address, telephone number, and e-mail address of the person to whom the ISP assigned an IP address at issue in the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Without further leave of Court, Plaintiff may not serve a Rule 45 subpoena in the same manner as above on other service providers that may be identified in response to the subpoena on the ISP.

4. If the ISP qualifies as a "cable operator," under 47 U.S.C. § 522(5), it shall comply with 47 U.S.C. § 551(c)(2)(b) by sending a copy of this Order to the person identified with the IP address at issue in the Complaint.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of its Complaint to serve the appropriate parties.

6. Plaintiff may amend its Complaint to identify or add Defendants no later than **March 15, 2018**.

_____
KEARNEY, J.